## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

**CAROL ANN MOORE**                                                     **PLAINTIFF**

**V.**                              **No. 4:21-cv-00340-LPR-ERE**

**KILOLO KIJAKAZI,**
**ACTING COMMISSIONER of the**
**SOCIAL SECURITY ADMINISTRATION[1]**                  **DEFENDANT**

### RECOMMENDED DISPOSITION

This Recommended Disposition (Recommendation) has been sent to United

States District Judge Lee P. Rudofsky. Either party may file written objections to

this Recommendation. If objections are filed, they should be specific and should

include the factual or legal basis for the objection.

To be considered, objections must be received in the office of the Court Clerk

within 14 days of this Recommendation. If no objections are filed, Judge Rudofsky

can adopt this Recommendation without independently reviewing the record. By not

objecting, parties may also waive the right to appeal questions of fact.

## I.     Introduction:

On July 24, 2018, Carol Ann Moore filed a Title II application for disability

and disability insurance benefits. *Tr. at 10*. On the same day, she filed a Title XVI

---

[1] On July 9, 2021, Kilolo Kijakazi became the Acting Commissioner of the Social Security
Administration and is substituted as the Defendant in this action. Fed. R. Civ. P. 25(d).

application for supplemental security income. *Id*. In both applications, Ms. Moore alleged disability beginning on June 21, 2018. *Id*. In an April 22, 2020 written decision, an administrative law judge (ALJ) denied both applications. *Tr. at 21*. The Appeals Council denied Ms. Moore's request for review on February 18, 2021. *Tr. at 1-3*. The ALJ's decision now stands as the final decision of the Commissioner, and Ms. Moore has requested judicial review.

For the reasons stated below, the Court should affirm the Commissioner's decision.

## II.    **The Commissioner's Decision**:

At step one of the required five-step analysis, the ALJ found that Ms. Moore, who was 50 years old at the time of the hearing (*Tr. at 36*), had not engaged in substantial gainful activity since the alleged onset of June 21, 2018.[2] *Tr. at 13*. At step two, the ALJ determined that Ms. Moore has the following severe impairments: amputation of the first 3 digits of the right foot; left thumb degenerative joint disease status post arthroplasty; right thumb joint replacement; and right hand degenerative joint disease. *Id*.

---

[2] The ALJ followed the required five-step analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment (Listing); (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)-(g), 416.920(a)-(g).

After finding that Ms. Moore's impairments did not meet or equal a listed impairment (*Tr. at 15*), the ALJ determined that Ms. Moore had the residual functional capacity (RFC) to perform work at the light exertional level, with these limitations: (1) no more than occasional pushing and pulling with the right lower extremity and no more than occasional operation of foot controls with the right lower extremity; (2) no climbing of ladders, ropes, or scaffolds; (3) no more than occasional balancing, with no more than frequent handling and fingering bilaterally; and (4) she should avoid concentrated exposure to excessive vibration. *Id*.

At step four, the ALJ found that, based on Ms. Moore's RFC, she was capable of performing her past relevant work as a waitress and cashier II. *Tr. at 19*. While that determination could have ended the analysis and resulted in a finding of not disabled, the ALJ made an alternative finding at step five. *Tr. at 20*. He relied on the testimony of a Vocational Expert (VE) to find that, considering Ms. Moore's age, education, work experience, and RFC, jobs existed in significant numbers in the national economy that she could perform, such as call out operator and document preparer. *Id*. Therefore, the ALJ found that Ms. Moore was not disabled. *Id*.

## III.   Discussion:

### A.   Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether

it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> Our review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision. Reversal is not warranted, however, merely because substantial evidence would have supported an opposite decision.

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

In clarifying the "substantial evidence" standard applicable to review of administrative decisions, the Supreme Court has explained: "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'is more than a mere scintilla.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 59 S. Ct. 206, 217 (1938)). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*.

### B.    Ms. Moore's Arguments on Appeal

Ms. Moore contends that the evidence supporting the ALJ's decision is less than substantial. She argues that the ALJ did not properly evaluate the opinion of treating physician John Duke, M.D., and that the ALJ did not fairly and fully

4

consider Ms. Moore's subjective complaints. After reviewing the record as a whole, the Court concludes that the ALJ did not err in denying benefits.

### C.   Medical Summary

After an accident mowing the lawn in 2018, Ms. Moore had three toes on her right foot amputated. *Tr. at 39, 881-882*. She admitted at the hearing that she did not need to use a brace or cane. *Tr. at 43*. At a July 22, 2019 appointment at Dr. Duke's clinic, the nurse noted that the toe amputations were stable. *Tr. at 881-882*.

Ms. Moore suffered pain in her bilateral thumbs. In early 2019, she stated that steroidal injections were somewhat helpful for pain. *Tr. at 829-830*. Still, Ms. Moore required an arthroplastic surgery on each thumb in 2019. *Tr. at 741, 770*. At post-surgery visits, the surgeon found that Ms. Moore was doing very well, and getting better with occupational therapy. *Tr. at 40, 741-753, 770-771*. Improvement in condition supports an ALJ's finding that a claimant is not disabled. See *Lochner v. Sullivan*, 968, F.2d 725, 728 (8th Cir. 1992). Her surgeon noted that Ms. Moore had good range of motion in her bilateral hands, with minimal tenderness. *Id*. At a July 2019 visit, Dr. Duke's nurse noted the thumbs as stable post-surgery. *Tr. at 881-882*.

While Ms. Moore complained of back pain, she told her occupational therapist in January 2020 that her pain was getting better. *Tr. at 753*. X-rays of Ms. Moore's spine were normal, and she did not require regular treatment for back pain. *Tr. at 797*. Normal clinical findings may support an ALJ's decision to deny benefits.

*Gowell v. Apfel*, 242 F.3d 793, 796 (8th Cir. 2001). Moreover, Ms. Moore admitted that she could do things like take her mother to the doctor, grocery shop, prepare simple meals, and go to church once a week. *Tr. at 47-50*. Such daily activities undermine her claims of disability. *Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003).

Ms. Moore asserted that she had problems sleeping but stated that she was not in treatment for that and that she had not followed up on getting a sleep study as was recommended by her doctor. *Tr. at 42*. A failure to follow a recommended course of treatment weighs against a claimant's credibility. *Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir. 2005).

Ms. Moore acknowledged that obesity did not interfere with her ability to work. *Tr. at 41*.

Finally, while Ms. Moore alleged problems from anxiety and depression, she told Dr. Duke's nurse in July 2019 that medications for those issues were working and that she had never required inpatient hospitalization. *Tr. at 43, 881-882*. She also testified at the hearing that she no longer attended counseling. *Tr. at 43*. Overall, Ms. Moore has not shown that her conditions are disabling.

### D.      Analysis of Appeal Arguments

### 1.      Consideration of medical opinion

Ms. Moore first asserts that the ALJ did not properly evaluate the opinion of Dr. Duke, her PCP. Dr. Duke filled out a two checkbox forms on February 26, 2019. *Tr. at 596-602*. However, this was before Ms. Moore's successful thumb surgeries.

On the form for physical impairments, Dr. Duke noted that Ms. Moore could not even perform sedentary work and would miss more than four days of work per month due to her impairments. *Id*. On the form for mental impairments, Dr. Duke stated that Ms. Moore would have a marked limitation in concentrating, persisting, or maintaining pace, but he attributed that to symptoms she experienced from physical impairments. *Id*.

On January 28, 2017, the Administration promulgated new regulations that govern an ALJ's assessment medical opinion evidence. The new rules focus on whether an opinion is persuasive, based on: (1) supportability; (2) consistency with the evidence; (3) relationship with the claimant;[3] (4) provider specialization; and (5) any other important factor. See 20 C.F.R. § 404, 1520c(a)-(c)(2017). An opinion is more persuasive if it is consistent with and supported by the medical evidence as a whole. 20 C.F.R. § 416.920c(c)(1-2) (2017); *Phillips v. Saul*, No 1:19-cv-00034-

---

[3] This includes: (1) length of treatment relationship; (2) frequency of examinations; (3) purpose of the treatment relationship; (4) extent of the treatment relationship; and (5) examining relationship.

BD, 2020 U.S. Dist. LEXIS 110370 at *4 (E.D. Ark. June 24, 2020). An ALJ must give good reasons for his findings about an opinion's persuasiveness. *Id*.

In this case, the ALJ found Dr. Duke's opinion that Ms. Moore had little to no mental limitations to be persuasive, because the opinion was consistent with a record devoid of serious mental health exacerbations. *Tr. at 19*. The ALJ noted normal findings on numerous mental status examinations, which was accurate. *Id.*; *Tr. at 741, 757, 771*. Additionally, the disability determination services psychiatric experts evaluated the record and found that Ms. Moore did not have any severe mental impairments (*Tr. at 18-19*). Furthermore, Ms. Moore responded well to medication and did not attend counseling.

The ALJ found that Dr. Duke's statement on physical limitations was not persuasive, because of largely normal physical examination findings. *Tr. at 19*. This is consistent with Ms. Moore's doctors' findings that her bilateral hands and right foot were stable post-surgery, and she experienced improvement with treatment. She did not require aggressive treatment for any of her conditions. Additionally, Dr. Duke's nurse's notes reflected minimal problems from her impairments. Moreover, a conclusory checkbox opinion (like Dr. Duke's) has little evidentiary value when it cites to no medical evidence and provides little or no elaboration. *Anderson v. Astrue*, 696 F.3d 790, 794 (8th Cir. 2012). The ALJ's analysis of Dr. Duke's opinions was proper.

## 2.    Analysis of subjective complaints

Ms. Moore contends that the ALJ failed to fully and fairly evaluate her subjective complaints.[4] "When evaluating a claimant's subjective complaints of pain, the ALJ must consider objective medical evidence, the claimant's work history, and other evidence relating to (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the claimant's functional restrictions." *Schwandt v. Berryhill*, 926 F.3d 1004, 1012 (8th Cir. 2019). "An ALJ need not explicitly discuss each factor," and he may "decline to credit a claimant's subjective complaints if the evidence as a whole is inconsistent with the claimant's testimony." *Id*. (internal citations omitted).

The ALJ dispatched his duty as far as subjective complaints go. He questioned Ms. Moore about her work history, and he noted her ability to perform daily activities. *Tr. at 16, 36-39*. He also described her pain, and her response to treatment. *Tr. at 16-19*. He discussed objective findings. *Id*. He noted generally benign medical findings with no need for significant treatment, for any condition. *Id*. The ALJ correctly found Ms. Moore's subjective complaints to be inconsistent with the medical record as a whole. *Tr. at 16*.

---

[4] At the hearing, Ms. Moore described pain in her back and extremities as disabling. *Tr. at 36-45.*

**VI.    Conclusion:**

There is substantial evidence to support the Commissioner's decision that Ms. Moore was not disabled. The ALJ properly evaluated the medical opinion of Dr. Duke and Ms. Moore's subjective complaints.

IT IS THEREFORE RECOMMENDED that the Commissioner's decision be affirmed, judgment be entered for Defendant, and this case be closed.

DATED this 28th day of March, 2022.


_____
UNITED STATES MAGISTRATE JUDGE